# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GLEN MCDANIEL, | No. 4:20-CV-01952 |
| Plaintiff, | (Judge Brann) |
| v. | |
| SGT DAVID KYLOR, | |
| Defendant. | |

## MEMORANDUM OPINION

### DECEMBER 10, 2020

Presently before the Court is a civil rights complaint pursuant to 42 U.S.C. § 1983, filed by Glen McDaniel ("McDaniel" or "Plaintiff"), a state inmate currently housed at the State Correctional Institution at Smithfield, Huntingdon, Pennsylvania.[1] McDaniel seeks to proceed *in forma pauperis*.[2]

For the reasons set forth below, the motion to proceed *in forma pauperis* will be granted for the sole purpose of the filing of the action and the complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I.     STANDARDS OF REVIEW

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is

---

[1] Doc. 1.
[2] Doc. 5.

frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief."[3]

In dismissing claims under §§ 1915(e)(2) and 1915A, district courts apply the standard governing motions to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[4] In rendering a decision on a motion to dismiss, a court should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."[5]  The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.[6]  In addition to considering the facts alleged on the face of the complaint, the court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[7]

---

[3] *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013).

[4] *See, e.g., Smithson v. Koons*, Civ. No. 15-01757, 2017 WL 3016165, at *3 (M.D. Pa. June 26, 2017) (stating "[t]he legal standard for dismissing a complaint for failure to state a claim under § 1915A(b)(1), § 1915(e)(2)(B)(ii), or § 1997e(c)(1) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.")*; Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010) (explaining that when dismissing a complaint pursuant to § 1915A, "a court employs the motion to dismiss standard set forth under Federal Rule of Civil Procedure 12(b)(6)"); *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying FED.R.CIV.P. 12(b)(6) standard to dismissal for failure to state a claim under §1915(e)(2)(B)).

[5] *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).

[6] *See Phillips v. Cty of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

[7] *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

However, "[t]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."[8]  "Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps.  First, it must 'tak[e] note of the elements [the] plaintiff must plead to state a claim.' *Iqbal*, 556 U.S. at 675, 129 S.Ct. 1937. Second, it should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'  *Id*. at 679, 129 S.Ct. 1937.  *See also Burtch v. Milberg Factors, Inc*., 662 F.3d 212, 224 (3d Cir.2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth."  (citation and editorial marks omitted)).  Finally, '[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.' *Iqbal*, 556 U.S. at 679, 129 S.Ct. 1937."[9]  Deciding whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[10]

---

[8]  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").
[9]  *Connelly v. Lane Const. Corp*., 809 F.3d 780, 787 (3d Cir. 2016) (footnote omitted).
[10]  *Iqbal*, 556 U.S. at 681.

Because McDaniel proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."[11]

## II.  McDaniel's Complaint

McDaniel alleges as follows:

> On Oct. 28, 2018 I was ordered to go fix the air handler by Sgt. David Kylor.  While trying to fix the air handler my right index finger was cut into the shape of a "v" and I lost about an inch of my finger. The air handler is in a restricted area so I shouldn't be ordered to go to that area.[12]

He seeks an award of compensatory damages.[13]

## III.  DISCUSSION

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials.[14]  The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....[15]

---

[11]  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).

[12]  Doc. 1, p. 2.

[13]  *Id*. at 3.

[14]  42 U.S.C. § 1983.

[15]  *Id.*; *see also Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002); *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."[16]

In liberally construing McDaniel's complaint, it appears that he is invoking the Due Process Clause, which at its core protects individuals against arbitrary government action.[17] Although the Due Process Clause does not impose an affirmative obligation on the State to protect its citizens, there is an exception to this general rule which "holds an officer liable if his conduct exposes an individual to a 'state-created danger.' "[18] To make out a state-created danger claim under § 1983, a plaintiff must meet a four-part test.[19] First, " 'the harm ultimately caused [must have been] foreseeable and fairly direct.' "[20] Second, there must have been "a state actor [who] acted with a degree of culpability that shocks the conscience."[21] Third, there must have been a relationship between the plaintiff and the state such that " 'the plaintiff was a foreseeable victim of the defendant's acts' " or was a " 'member of a discrete class of persons subjected to the potential harm brought about by the states' actions.' "[22] Last, a state actor must have "affirmatively used his or her

---

[16] *West v. Atkins*, 487 U.S. 42, 48 (1988).

[17] *See Cty. of Sacramento v. Lewis*, 523 U.S. 833, 845–46 (1998).

[18] *Kedra v. Schroeter*, 876 F.3d 424, 436 (3d Cir. 2017).

[19] *Bright v. Westmoreland County*, 443 F.3d 276, 281 (3d Cir.2006).

[20] *Id.* (quoting *Kneipp v. Tedder*, 95 F.3d 1199, 1208 (3d Cir.1996)).

[21] *Id.* (citing *Schieber v. City of Philadelphia*, 320 F.3d 409, 416 (2003)).

[22] *Id.* (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906, 913 (3d Cir.1997)).

authority in a way that created a danger to the citizen or that rendered the citizen more vulnerable to danger than had the state not acted at all."[23]

With regard to the second element, three potential levels of culpability have been identified. "In 'hyperpressurized environment[s] requiring a snap judgment,' an official must actually intend to cause harm in order to be liable. *Vargas v. City of Philadelphia*, 783 F.3d 962, 973 (3d Cir. 2015) (internal quotation marks omitted). In situations in which the state actor is required to act 'in a matter of hours or minutes,' we require that the state actor 'disregard a great risk of serious harm.' *Sanford*, 456 F.3d at 310. And where the actor has time to make an 'unhurried judgment[ ],' a plaintiff need only allege facts supporting an inference that the official acted with a mental state of 'deliberate indifference.' *Id.* at 309."[24]

McDaniel alleges that Defendant Kylor placed him in danger and caused him injury by directing him to complete a repair to an air handler in a restricted area of the prison. This situation falls into the "unhurried judgment" category and requires allegations that support an inference that Kylor acted with deliberate indifference, which has been described as a "conscious disregard of a substantial risk of serious harm,"[25] or "willful disregard" demonstrated by actions that "evince a willingness

---

[23] *Id.* (citing *Rivas v. City of Passaic*, 365 F.3d 181, 195 (3d Cir.2004)).
[24] *Kedra v. Schroeter*, 876 F.3d 424, 437 (3d Cir. 2017).
[25] *Vargas v. City of Philadelphia*, 783 F.3d 963, 973–74 (3d Cir. 2015) (brackets and internal quotation marks omitted).

to ignore a foreseeable danger or risk."[26]  The complaint is devoid of allegations that would satisfy a mental state of deliberate indifference that shocks the conscience.  At most, the allegations constitute negligence.  As the Supreme Court has noted, "the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property."[27]

Based on the foregoing, McDaniel's complaint will be dismissed for failure to state a claim upon which relief may be granted.  Under the circumstances, the Court is confident that service of process is not only unwarranted but would waste the increasingly scarce judicial resources that §1915 is designed to preserve.

## IV.   LEAVE TO AMEND

Before dismissing a complaint for failure to state a claim upon which relief may be granted, the Court must grant the Plaintiff leave to amend his complaint unless amendment would be inequitable or futile.[28]  The Court concludes that granting McDaniel leave to amend would be futile as the actions of which he complains simply do not rise to the level of a constitutional violation.

---

[26]  *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 910 (3d Cir. 1997).
[27]  *Daniels v. Williams*, 474 U.S. 327, 328 (1986).
[28]  *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 114 (3rd Cir. 2002).

## V. CONCLUSION

Based on the forgoing, the complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge